**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNE K. FABER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. MASTRONARDY et al,<br><br>Defendants. | Civil Action No. 26-8091 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Joanne Faber's ("Plaintiff") Motion for Disqualification and Recusal, (ECF No. 5), and Emergency Motion to Stay Proceedings Pending Third Circuit Mandamus Review, (ECF No. 21). Defendant Michael Mastronardy filed a letter in opposition. (ECF No. 22.) The Court has carefully considered the Plaintiff's submissions and decides the Motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the Motions are **DENIED.**

This case is Plaintiff's fourth federal lawsuit to prevent her foreclosure. *See Bank of N.Y. Mellon Tr. Co. v. Faber*, No. 17-5695, 2018 WL 1610955, at *1 (D.N.J. Apr. 3, 2018) [*Faber I*]; *Faber v. Bank of N.Y. Mellon*, No. 23-4520, 2024 WL 5186913, at *1 (D.N.J. Dec. 20, 2024) [*Faber II*]; *Bank of N.Y. Mellon v. Faber*, No. 26-823 (D.N.J.) [*Faber III*]. Over nearly a decade, Plaintiff has attempted to remove, collaterally attack, and otherwise obstruct state court lawsuits and vacate judgments against her to no avail. *See Faber III*, No. 26-823, ECF No. 9 (D.N.J. Apr. 22, 2026) (outlining Plaintiff's litigation history in federal and state courts). On May 4, 2026, following an Order to Show Cause hearing, the undersigned remanded *Faber III* to the Superior Court of New Jersey, Chancery Division of Ocean County for lack of jurisdiction. *Id.*, ECF No.

13 (D.N.J. May 4, 2026). Plaintiff—previously represented by counsel in *Faber III*—appealed that remand order *pro se*. *Id.*, ECF No. 15 (D.N.J. May 5, 2026). That appeal remains pending before the Third Circuit.[1] *Bank of N.Y. Mellon Tr. Co. v. Faber*, No. 26-2109 (3d Cir.).

The instant Motions relate specifically to *Faber III*, the undersigned's April 22, 2026 Order to Show Cause, and the transcript of the May 4, 2026 hearing. This Order to Show Cause set a hearing for May 4, 2026 at 11:30 am and required appearance of Defendant's counsel of record, Mr. Roderick Foxworth.[2] *Faber III*, No. 26-823, ECF No. 9 (D.N.J. Apr. 22, 2026). The Court received no response from Mr. Foxworth for nine days following the Order. Then, on Friday, May 1, at 2:38 pm, the afternoon of the final business day before the scheduled hearing, Mr. Foxworth's secretary—a woman who identified herself as "Crystal"—called the undersigned's chambers, for the first time. Crystal—and eventually Mr. Foxworth himself—notified the Court that Mr. Foxworth would not be available because of a "settlement conference" in Philadelphia scheduled for 9:30 am the morning of the hearing. Mr. Foxworth represented to the Court that this conference

[1] Plaintiff's second Motion suggests that, in addition to her pending appeal, she has a pending writ of mandamus before the Third Circuit regarding her request for the undersigned's recusal and disqualification. (ECF No. 21 at 1; ECF No. 21-1 at 14 (requesting a stay "until the Third Circuit resolves her mandamus petition or enters an interim order").) Based on the Court's review of the Third Circuit's docket, Plaintiff does not have a mandamus petition pending naming the undersigned. Plaintiff does not appear to have ever filed a writ of mandamus before the Third Circuit. The only pending cases before the Third Circuit under Plaintiff's name relate to her appeals of the underlying District Court decisions. *Faber v. Bank of N.Y. Mellon Tr. Co.*, No. 25-2533 (3d Cir.) (appeal of *Faber II*); *See Bank of N.Y. Mellon Tr. Co. v. Faber*, No. 26-2109 (3d Cir.) (appeal of *Faber III*). Because there is no mandamus for the Court to "await[] decision" of, Plaintiff's request for a stay of the instant case is **DENIED.**

[2] Although Plaintiff appears to attempt to proceed *pro se* in *Faber III* since the Order to Show Cause hearing, neither she nor Mr. Foxworth have noticed the withdrawal of Mr. Foxworth's appearance consistent with the Local Rules. *Faber III*, No. 26-823, ECF No. 21 (D.N.J. Aug. 19, 2026) (letter filed *pro se* by Plaintiff); L. Civ. R. 102.1 ("Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."). Mr. Foxworth has not otherwise been involved in *Faber III* or the instant case since his response to the Order to Show Cause on May 4, 2026. *Faber III*, No. 26-823, ECF No. 11 (D.N.J. May 4, 2026).

had been on his calendar for four months. The Court granted Mr. Foxworth the courtesy of a two-hour adjournment to 1:30 pm on May 4.

Around noon on the day of the hearing, Mr. Foxworth filed a largely incomprehensible Response to the Court's Order to Show Cause, but did not appear at the hearing later that afternoon. *Id.*, No. 26-823, ECF No. 11 (D.N.J. May 4, 2026). The Court, even after delaying the beginning of the hearing to past 2:00 pm, began the hearing with only opposing counsel entering an appearance. *Faber III*, ECF No. 18 at 3:18–4:20 (D.N.J. May 18, 2026) ("Hearing Tr."). The Court received no notice of appearance of substitute counsel or withdrawal of counsel from Plaintiff, Mr. Foxworth, or otherwise.

Although her lawyer was not present, Plaintiff herself attended the hearing. Hearing Tr. at 1:21. Throughout the hearing, Plaintiff failed to comply with the Court directions and courthouse rules. Plaintiff was using her cell phone in spite of the clear signage outside of the courtroom, interrupted the proceedings, raised her voice with the Court, and interjected with nonsensical legal argument from the gallery despite being represented by counsel. *Id.* at 3:6–14 (using her cell phone), 5:3–9 (interrupting proceedings), 7:13–8:9 (interrupting proceedings and raising her voice with the Court), 16:14–17:4 (interjecting with legal argument); L. Civ. R. 401.1, 501.1(e) ("Unless specifically authorized by the presiding judicial officers, all Electronic Devices must be rendered inoperable before entering any courtroom or judicial chambers."); *cf United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009) (discussing district court's authority to limit *pro se* conduct while the party is represented by counsel).

After the first of these infractions, the Court requested that courthouse security come to the courtroom. Hearing Tr. 3:15. However, the undersigned in no way inhibited Plaintiff from stepping out of the courtroom to call prospective replacement counsel, or otherwise physically restrained

Plaintiff in any way.[3] *See* Hearing Tr. 5:21–6:15 ("THE COURT: Okay. For purposes of the record, the litigant is leaving the courtroom. JOANNE FABER: I'm just calling outside. You didn't want me to use my phone in here, Judge. THE COURT: Okay. By the way, you're welcome— JOANNE FABER: I have new counsel, so I wanted to inform him of what's taking place here because you asked me not to speak, and I don't want to speak since you asked me not to. THE COURT: Correct. There's no— thank you very much. I just wanted you to know I didn't instruct you to leave. I just have instructed you, consistent with the rules of the entire courthouse, there are no electronic devices or recording devices or any electronic devices that are permissible to be utilized in open court. But when I saw— JOANNE FABER: I shut it off. THE COURT: As a courtesy to you, I'm simply indicating to you— I'm not instructing you to leave. That's your prerogative. Okay?"). Even after this interaction, Plaintiff continued to engage from the gallery, despite the Court's insistence that she litigate through her named counsel. Hearing Tr. 16:14–17:4.

Nonetheless, Plaintiff asserts that this hearing constituted a "coercive courtroom incident" that requires the undersigned's recusal under 28 U.S.C. § 455. (ECF No. 5 at 1.) She argues, among other things, that the undersigned's involvement in *Faber III* and the Order to Show Cause hearing could cause a "reasonable person [to] question whether Plaintiff can receive adjudication that is . . . entirely neutral, detached, and unconnected to the prior confrontation and disputed record." (*Id.* at 2.) Further, she suggests that because she "dispute[s]" the court reporter's certified record of the hearing, the undersigned must recuse himself under 28 U.S.C. § 455(b)(1) because of his "personal knowledge of disputed evidentiary facts concerning the proceeding." (*Id.* at 2, 8–9.)

---

[3] Despite Plaintiff's representations throughout the hearing that she was calling replacement counsel, no new counsel ever appeared on behalf of Plaintiff in *Faber III*—Mr. Foxworth is still her attorney of record. *Supra* note 2.

Plaintiff's arguments are meritless. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) "concerns not only fairness to individual litigants, but, equally important, it concerns the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re Kensington Intern. Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (cleaned up). A reasonable viewer of the above-discussed proceeding could not question the impartiality of the Court's administration of that hearing or the instant, separate lawsuit. The undersigned has broad discretion to request the standard presence of security in his courtroom, particularly with unruly parties, and Plaintiff was not restrained, inhibited, coerced, or expelled in any way for the duration of the hearing. *Cf Postell v. Bradley*, 767 F. App'x 385, 388 n.8 (3d Cir. 2019) (per curiam) (noting "broad discretion" for district courts in "the weighty responsibility of ensuring the security of their courtrooms"); Hearing Tr. 5:21–6:15. To the extent Plaintiff's recusal request is based on the Court's order in *Faber III*, the Third Circuit has "repeatedly" found that such "displeasure . . . does not form an adequate basis for recusal." *In re Cammarata*, No. 25-1188, 2026 WL 195005, at *2 (3d Cir. Jan. 26, 2026) (quotation omitted). Accordingly, Plaintiff's request for recusal under 28 U.S.C. § 455(a) is denied.[4]

Plaintiff's argument for recusal under 28 U.S.C. § 455(b)(1) fares no better. Recusal is required under § 455(b)(1) where a judge has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §

---

[4] To the extent Plaintiff supports her request for recusal on allegations "that the Court may have received [*ex parte*] information or communications from opposing counsel outside Plaintiff's presence and outside the formal record," these allegations are categorically untrue. (ECF No. 5 at 9–11.) Opposing counsel for the Bank of New York Mellon Trust Company, Ms. Kassia Fialkoff, was the only counsel of record who made an appearance at the May 4, 2026 hearing. (Hearing Tr. at 1.) As such, she was the only attorney who spoke at the hearing. The Court had no *ex parte* communications with her of any kind prior to or after the hearing and, as discussed above, the Court, in fact, tried to ensure the presence of Plaintiff's counsel of record at the hearing.

455(b)(1). Plaintiff argues that the undersigned must recuse himself under this provision because of his "personal knowledge of disputed procedural facts" related to the court reporter's certified transcript for the Order to Show Cause hearing. (ECF No. 5 at 8.) Essentially, Plaintiff "allege[s] that the official transcript does not accurately reflect what occurred, and that the disputed portions concern the judge's own statements and conduct." (*Id.*)

Plaintiff's self-serving arguments that the official Court transcript of this hearing is inaccurate, subject to dispute, or was altered in any way by the undersigned or the court reporter are contrived, belied by the transcript, and legally meritless. *Vazquez v. Mayorkas*, No. 21-16026, 2023 WL 4417273, at *2 (9th Cir. July 10, 2023) ("[A] court reporter's transcript is generally presumed to be correct and should not be disturbed unless some evidence more than mere allegations of error exist."); *Edwards v. United States*, 265 F.2d 909, 910 (6th Cir. 1959) (court reporter's transcript is "presumptively correct"). Plaintiff also misapprehends the "personal knowledge" prohibition of § 455(b)(1). The undersigned does not have to recuse himself because of his personal knowledge of the previous proceeding as the sitting District Court Judge; he would only have to do so if his knowledge of disputed facts "derive[d] from a source *outside* the proceedings." *United States v. Wecht*, 484 F.3d 194, 219 (3d Cir. 2007) (emphasis added).

Thus, Plaintiff's Motions for recusal and stay of proceedings are **DENIED**. The Court will address Defendant Michael A. Mastronardy's pending Motion to Dismiss (ECF No. 15) and Plaintiff's pending Motion for Leave to Amend (ECF No. 16) consistent with its standard motion schedule. It is on this 3rd day of November, 2026, **ORDERED** that:

I. Plaintiff's Motion for Disqualification and Recusal (ECF No. 5) is **DENIED**;

II. Plaintiff's Emergency Motion to Stay Proceedings Pending Third Circuit Mandamus Review (ECF No. 21) is **DENIED**;

III. The Clerk's Office is directed to **CLOSE** the motions pending at ECF Nos. 5 and 21.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE